King, J.
The action was first brought before a justice of the peace,
Judgment was recovered by Brown, from which Caldwell appealed. In the common pleas there was filed a petition,and then an amended petition, and to this a motion, a demurrer and an answer. One question is made which I will dispose of at this time. The court overruled a motion to make the amended petition more definite x and certain. This petition seems reasonably definite; but if it were not so, I hardly think an exception is saved here. It appears, from the record, that defendant filed a general demurrer to the amended petition, which was heard at the spring term and overruled; and thereafter filed a motion to- *693 make the petition more definite and certain, and that was heard, some time later in the year, and overruled. The filing of the demurrer and the action of the court thereon, would preclude the defendant from taking advantage of defects in the form of the petition by a motion; therefore it was not error to overrule the motion. I want to say, in that connection, that it appears from the papers submitted that the court overruled the motion on the ground that facts were brought to its attention outside of the record, by affidavits — the affidavit of the plaintiff and the affidavit of defendant. Those do not properly come before this court, because no bill of exceptions was taken, and they could not be brought to the attention of this court except by a bill of exceptions. At the same time it is proper to remark that the petition could not be helped out by an affidavit; that the motion to make it more definite and certain must have been considered alone, upon the allegations of the petition as it stood, and if there were other allegations which it ought to have contained,then the motion should have been sustained — ’provided it had been filed in time. The case was tried on the amended petition and the amended answer and reply, and a verdict was found for the plaintiff below. The evidence is not set out in a bill of exceptions, but certain statements are made of what the evidence tended to show, for the purpose of bringing the attention of the court to questions which arose subsequent to the admission of testimony, and there are exceptions to the action of the court upon requests submitted by defendant below to the court to charge the jury and the action of the court in submitting certain questions to the jury, and the judgment of the court upon the verdict of the jury. It is claimed that the jury did not agree upon any verdict. Counsel for defendant submitted to the court and requested the court to give to the jury, in writing, as its special instructions, some fourteen in number; and also asked the court to submit to the jury, to answer when it returned *694 its verdict,ten questions, and the court increased the number to eleven, which were submitted. The jury returned a general verdict in favor of defendant; and it also answered as many of these questions as the jurors thought they could answer;, and the answers are consistent with the general verdict, so far as they answered them at all. To the third question, they said they could not agree. To the seventh, they could not agree; and to the eighth, that there was no evidence; their answer that there was no evidence, is borne out by the record, so far as it goes. The record snows that the defendant offered to prove a number of things relating to that question, and that the court sustained the objections to every offer of that kind, so that the record shows that there was no evidence before the jury; that is, as to whether there Had been another action commenced before a justice of the peace and previously dismissed. The jury were warranted in saying that they had no evidence upon which they could act. As to these two answers, where the jury say they cannot agree, it is urged by counsel for plaintiff in error, that that amounts to a disagreement of the jury upon the issues in the case. I may say, briefly, without entering into any discussion upon that subject, that we do not think it does in this case; but in any event the defendant below waived his right now to object, by permitting the jury to be discharged without objection, and not making any further request that the jury be required to make answer to these questions. Of the fourteen instructions submitted by the defendant below after the evidence was in and before argument, in writing, the court gave the most of them. Th® errors relied upon in connection with them are that in giving the fourth and fifth requests, also the sixth and twelfth, the court modified them by oral explanations to the jury; and • also that all of the requests which were given, the defendant below requested the court to permit the jury to take with them Tn their retirement, and that request of the defendant *695 the court overruled, and would not allow the jury to have the written requests which it gave.
The fourth request submitted was as follows:
(4.) “ It is not sufficient to charge the defendant with a liability on account of the labor performed by plaintiff’s sons, that the plaintiff show that said sons did work about the houses being constructed by defendant, unless he also show that defendant employed them for sucjh work.”
The court read to the jury the fourth request, and then said:
“The court have added to that the following, which we give you in the same connection: ‘If the defendant saw them,or either of them,at work from day to day for him,and expressed no dissatisfaction thereat, the jury may presume assent on defendant’s part to their so working for him, and allow plaintiff what such work is reasonably woith.’ ”
■ The court then read the fifth request, which is as follows:
. “The mere, fact that the defendant saw the sons of the plaintiff, or his son Bert Brown, at work upon buildings of defendant, is not evidence of employment sufficient for the jury to find an agreement on the part of the defendant to pay for-such work.”
To this the court added:
“But if defendant saw the young men, sons of plaintiff,at work for him from day to day, and expressed no dissatisfaction therewith, and if such labor was valuable to defendant, the jury would be warranted in finding that defendant agreed to pay for such service what it was reasonably worth. ”
And there are additions to the sixth request, and to the twelfth,quite lengthy, which I will not stop to read,but which-, in' the opinion of this court, materially changed the sense of those requests as well as the fourth and fifth, which I have read.
‘ ' And this brings us to the other question submitted upon this record — together with the others which I have mentioned ■ — that the court refused to allow the jury to take these written instructions in their retirement.
*696 The statute seems to be plain upon that subject. Sec. 5190, subdivision 5, says:
“When the evidence is concluded either party may present written instructions to the court as to matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument is commenced.”
And then subdivision 7:
“The court after the argument is concluded, shall, before proceeding with other business, charge the jury; any charge shall be reduced to writing by the court, if either party, before the'argument to the jury is -commenced, request it; a charge or instruction, when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement, and returned with their verdict into court, and shall remain on file with the papers of the case,”
The question has been raised, whether in the last subdivision of this section, the reference to “charge or instructions”referred to and included the written instructions referred to in the 5th Subdivision, which might be requested by the parties after the evidence was closed and before the argument was commenced, to be given, and which the court should then and there give. This section was under consideration by this court at the last term of this court, in the case of Foy v, The Toledo Consolidated Street Ry. Co., and it was said at that time — and that opinion we still adhere to, and give the same construction to this statute now as then — that ■ this reference in the 7th subdivision to instructions means the instructions referred to in the 5th subdivision, and therefore that the section means that, either party may, after the evidence is closed and beforq the argument, request written instructions to be given to the jury, and the court shall give them at that time if it gives them at all. And by reading the 7th subdivision in connection therewith, we find that'it must either give nor refuse them; and if it gives them, they shall not be orally qualified, modified orjui any manner ex *697 plained to the jury.” So that a party has a right to present a request which he claims is the law, and to have the court say whether it will give or refuse it. The court, it is true, may refuse it, even if it is good law, if the proposition of law should afterwards be given by the court in its general charge. In this case, the court gives practically no general charge to the jury. After the argument was concluded, it said to the jury that the instructions previously submitted and what the court had said in reference to them at the time of submitting them orally, practically presented all the issues in the case. So we are compelled to hold that the court should have given these requests which seem to have been proper so far as the evidence is stated in the bill of exceptions, and should have, given them without modification— any modification which changes their meaning, as the modifications to these requests do change their meaning; and should have either given them, or refused them. As it saw fit to give them, it should have given them without such modification, and when so requested by counsel,should have allowed the jury tó take them in their retirement.
C. T. Johnson, for plaintiff.
M. D. Merrick, for defendant.
In the case of Foy, to which I have referred, it was claimed as error on the part of the trial court that the court sent to the jury the requests, and this court held that the action of the court of common pleas was proper in sending those requests totthe jury, and that the statute upon this subject so required.
Therefore we find these two substantial errors in this record : that the court erred in undertaking to modify the requests which it gave to the jury and which were written instructions submitted after the evidence was in and before the argument; that the court erred in refusing to send those written instructions out when the jury retired to consider their verdict, and for these errors this judgment will have to be reversed, and a new trial' awarded,